IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| **GEORGE HUMPHREY** ) | |
| ) | NO. **2:09-cv-00034** |
| Plaintiff, ) | JURY DEMAND |
| ) | Judge Campbell |
| ) | Magistrate Judge Knowles |
| vs. ) | |
| ) | |
| **DAVID MORGAN**, individually and as an officer ) | |
| of the Jackson County Sheriff's Department and ) | |
| **WADE DRAPER**, individually and as an officer ) | |
| of the Jackson County Sheriff's Department ) | |
| ) | |
| Defendants. ) | |

### INITIAL CASE MANAGEMENT ORDER

**PLAINTIFF, GEORGE HUMPHREY** (hereinafter referred to as *"Plaintiff")* and **DEFENDANTS, DAVID MORGAN, individually and as an officer of the Jackson County Sheriff's Department and WADE DRAPER, individually and as an officer of the Jackson County Sheriff's Department,** (hereinafter referred to as *"Defendants"*), submit the following Proposed Case Management Order pursuant to **Local Rule 11(d) and Fed.R.Civ.P. 26(f)**. The matters set forth below were discussed prior to and at the Initial Case Management Conference held on **August 25, 2010.**

    A.    JURISDICTION AND VENUE:

    1)    The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

    2)    Venue is conferred upon this Court in the Middle District of Tennessee pursuant to **28 U.S.C. § 1391(b)**.

3) Jurisdiction and venue are not in dispute.

B. BRIEF THEORIES OF THE PARTIES:

1) **Plaintiff**

It is the **PLAINTIFF GEORGE HUMPHREY'S** theory of the case that these **DEFENDANTS, DAVID MORGAN** and **WADE DRAPER**, violated PLAINTIFF'S **First, Fourth and Fourteenth Amendment Rights under the United States Constitution and under the Civil Rights Act, 42 U.S.C. §1983 and 1988** by subjecting him to an unconstitutional search and seizure of his person, which initially occurred on **February 14, 2009** in Jackson County, Tennessee. At all relevant times herein, **DEFENDANT MORGAN** arrested **MR. HUMPHREY** for being drunk and disorderly, and transported him to the Jackson County Jail and later increased the charges against him to domestic assault and resisting a Stop and Frisk Order. **DEFENDANT MORGAN** then rummaged through **MR. HUMPHREY'S** wallet and stole $14.00 (*Fourteen dollars*) cash, and placed him in the Jackson County Jail for a total of 14 (fourteen) hours. These criminal charges against **MR. HUMPHREY** were later dismissed. Then, on or about **March 18, 2009**, **MR. HUMPHREY** went to the Jackson County Jail and asked to speak to **DEFENDANT DRAPER** regarding his recollection of the factual events of **February 14, 2009**. When **MR. HUMPHREY** began to communicate his viewpoint that the Jackson County Sheriff's Department was both incompetent and corrupt, **DEFENDANT DRAPER** became very angry, placed **MR. HUMPHREY** in handcuffs, escorted him down to the cell block area and told the **PLAINTIFF** he was being arrested for trespassing. The **PLAINTIFF** also brings state law claims of false arrest, assault and battery, intention infliction of emotional distress, and malicious prosecution and conversion cause of actions against **DEFENDANT MORGAN**. **PLAINTIFF** further alleges that **DEFENDANT WADE** deprived

him of his freedom of speech to be critical of the incompetence and corruption of Jackson County, Tennessee.

### 2) **Defendant**

On February 14, 2009, Defendant Deputy David Morgan pulled over a car driven by Ms. Ida Perry for driving outside of her lane of travel. After Ms. Perry came to a stop, the Plaintiff got out of the car, leaned back in the car to get something, yelled at Ms. Perry, and started walking away. Deputy Morgan twice ordered him to stop. The Plaintiff refused both orders and cursed at Deputy Morgan. Deputy Morgan told the Plaintiff he was under arrest. When Deputy Morgan grabbed the Plaintiff by the arm to handcuff him, the Plaintiff pulled away and resisted. After Ms. Perry told the deputies that the Plaintiff had grabbed her arm repeatedly and caused her vehicle to swerve, Deputy Morgan charged the Plaintiff with domestic assault in addition to the violation of the stop/frisk/halt law. The Plaintiff was held in jail for twelve hours pursuant to Tenn. Code Ann. § 40-11-150 because of the domestic assault charge. The State dismissed the domestic assault charge because Ms. Perry would not cooperate with the prosecution. The Plaintiff entered into a pre-trial diversion on the stop/frisk/halt charge, which was dismissed for the Plaintiff's payment of court costs.

On March 18, 2009, the Plaintiff came to the Jackson County Sheriff's Department to meet with Defendant Draper. Deputy Draper brought the Plaintiff back to his office. The Plaintiff wanted to discuss his arrest of February 14, 2009 and why he had been charged. Deputy Draper told him that he could not discuss his arrest, that he was not the arresting officer, and that he needed to talk with a lawyer. The Plaintiff started questioning him again. Deputy Draper told him that if he continued, he would have to leave. The Plaintiff refused two orders to leave the building. Deputy Draper told the Plaintiff a third time that if he did not leave, he would be

escorted out of the building.  The Plaintiff again refused to leave.  Deputy Draper placed him under arrest for criminal trespass.  After escorting the Plaintiff to the entrance of the Sheriff's Department in handcuffs, Deputy Draper gave the Plaintiff one more chance to leave.  The Plaintiff told Deputy Draper that he wanted to leave.  Deputy Draper allowed him to do so without any charges.

The Defendants are entitled to qualified immunity in their individual capacities.  They had probable cause for the Plaintiff's arrest.  They used only the minimum amount of force necessary to handcuff the Plaintiff.  The Plaintiff's speech to Deputy Draper about his criminal case was not protected.  Alternatively, it was not clearly established that badgering a deputy about a pending criminal case was protected speech.

The Court should dismiss the Plaintiff's state law claims based on the exclusive jurisdiction of the Jackson County Circuit Court to hear these claims.  The Court should dismiss the Plaintiff's claims based on assault and battery and conversion to because the Defendants retain their immunity from suit pursuant to Tenn. Code Ann. § 29-20-205.

  C. <u>ISSUES RESOLVED</u>**.**  Jurisdiction and venue.

  D. <u>ISSUES STILL IN DISPUTE.</u>  Liability and Damages.

  E. <u>INITIAL DISCLOSURES</u>.    The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26 (a)(1) on or before **September 20, 2010**.

  F. <u>DISCOVERY.</u>  The parties shall complete all written discovery and depose all fact witnesses on or before **February 1, 2011.**  Discovery is not stayed during dispositive motions, unless ordered by the Court.  **Local Rule 33.01(b)** is expanded to allow 40 interrogatories, including sub-parts.  No motions concerning discovery shall be filed until after the parties have conferred in good faith and are unable to resolve their differences. The deadline for filing discovery related Motions is February 7, 2011.

i

G. ~~MOTIONS TO AMEND~~: The parties shall file all Motions to Amend the Pleadings on or before December 24, 2010.

H. ~~JOINT MEDIATION REPORT~~:

I. **DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **April 1, 2011**. Responses to dispositive motions shall be filed within **21** days after the filing of the motion. Optional replies may be filed within ten **(10)** days after the filing of the response. Briefs shall not exceed 20 pages.

J. ELECTRONIC DISCOVERY: The parties do not anticipate that there will be any electronic discovery to conduct in this case.

K. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately two days. The target trial date is August 9, 2011.

It is so ORDERED.

_____
**Magistrate Judge Knowles**